15-3985-cr
United States v. Khazaee

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand seventeen.

PRESENT:  JOHN M. WALKER, JR.,
    RAYMOND J. LOHIER, JR.,
     *Circuit Judges*,
    JOHN F. KEENAN,
     *District Judge*.\*

----------------------------------------------------------------

UNITED STATES OF AMERICA,

   *Appellee*,

     v.         No. 15-3985-cr

MOZAFFAR KHAZAEE, AKA Arash Khazaie,

   *Defendant-Appellant.*

----------------------------------------------------------------

---

\* Judge John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                    AMY ADELSON (Daniela Elliott, *on the brief*), Law Offices of Amy Adelson LLC, New York, NY.

FOR APPELLEE:                     VANESSA RICHARDS (Marc H. Silverman, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).   UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Mozaffar Khazaee appeals from a judgment of the District Court (Bryant, J.) sentencing him principally to 97 months' imprisonment followed by a three-year term of supervised release.   Khazaee pleaded guilty to attempting to export defense articles to Iran in violation of the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778.   On appeal, Khazaee argues that his conviction should be vacated primarily because (1) his guilty plea was not knowing and voluntary, (2) the District Court improperly involved itself in plea negotiations, and (3) he did not allocute to all elements of the charged offense.   We assume the parties'

2

familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Khazaee was initially indicted on two counts of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314, for transporting documents containing proprietary information about United States Air Force jet engines. Khazaee later pleaded guilty to a "Substitute Information" charging him only with violating the AECA.   Before accepting a guilty plea, a district court must "inform the defendant of, and determine that the defendant understands . . . the nature of each charge to which the defendant is pleading."   Fed. R. Crim. P. 11(b)(1)(G).   Where, as here, a claim of non-compliance with Rule 11 was not made in the district court, we review for plain error, which requires a defendant to show "a reasonable probability that, but for the error, he would not have entered the plea."   United States v. Pattee, 820 F.3d 496, 505 (2d Cir. 2016) (quotation marks omitted).   In conducting our review, we may consider the "entire record," not merely the defendant's allocution.   United States v. Maher, 108 F.3d 1513, 1521 (2d Cir. 1997).

Khazaee first argues that he mistakenly thought he was pleading guilty to interstate transportation of stolen property in violation of 18 U.S.C. § 2314 rather

3

than to a violation of the AECA. Our review of the following portions of the record suggests otherwise: (1) the plea agreement, (2) the stipulation of offense conduct attached to that agreement, (3) Khazaee's plea allocution, and (4) the Government's recitation of the charges against Khazaee during the change of plea hearing as involving "unlawful exports and attempted exports of defense articles in violation of the Arms Export Control Act." App'x 260, 262. True, the Government's assertion that Khazaee had "stole[n] and retained material" from his former employers, id. at 270, and the District Court's focus on the "proprietary" nature of that material, id. at 294, were not directly relevant to any element of the AECA. But such "loose terminology," United States v. Torrellas, 455 F.3d 96, 106 (2d Cir. 2006), does not negate the record as a whole, in which Khazaee admitted during the plea allocution that he had "possession of [the] export control element that required [a] license that [he] didn't have," App'x 308, and that he exported those materials in a "shipment that was supposed to leave the border of [the] United State[s]," specifically "[t]o Iran," id. at 311–12.

Second, Khazaee argues that the District Court violated Rule 11(c)(1), which prohibits district courts from participating in plea discussions. See Fed. R. Crim. P. 11(c)(1). There was no plain error. The District Court never advised or

4

encouraged Khazaee to plead guilty, see United States v. Davila, 133 S. Ct. 2139, 2147–48 (2013), discussed the sentence it would impose if Khazaee pleaded guilty, see United States v. Werker, 535 F.2d 198, 201 (2d Cir. 1976), or otherwise exerted "pressure to settle" the case "on terms favored by the judge," United States v. Paul, 634 F.3d 668, 673 (2d Cir. 2011). Nor do we discern error in the District Court's statement that Khazaee would be entitled to a three-point reduction under the Sentencing Guidelines only if he accepted responsibility for the charged offense. See U.S.S.G. § 3E1.1.

Third, Khazaee argues that he did not admit to willfully violating the AECA. We are not persuaded. "The term 'willfulness' has generally, albeit not uniformly, been interpreted as referring to knowledge that the conduct in question was wrongful or unlawful." See United States v. Hopkins, 53 F.3d 533, 539 (2d Cir. 1995). Khazaee admitted that he exported documents containing "information [that] was illegal to disclose," App'x 307, and that, based on his training on export restrictions, he understood that it was illegal to export the information to Iran, id. at 312. This admission satisfies the AECA's willfulness element. See Torrellas, 455 F.3d at 103.

5

We have considered Khazaee's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court